IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROTHSCHILD PATENT IMAGING LLC,<br><br>Plaintiff,<br><br>v.<br><br>CONFIDE, INC.,<br><br>Defendant. | CASE NO. 1:22-cv-01475<br><br>PATENT CASE<br><br>JURY TRIAL DEMANDED |

**CONFIDE'S ANSWER, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**

Defendant Confide, Inc. ("Confide" or "Defendant") files this Answer, Affirmative Defenses, and Counterclaims to Plaintiff Rothschild Patent Imaging LLC ("Plaintiff" or "RPI") Complaint for Patent Infringement ("Complaint"). Confide denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.[1]

**PARTIES AND JURISDICTION**

1. Confide admits that the Complaint purports to set forth an action for infringement under 35 U.S.C. § 1, *et seq.* seeking injunctive relieve as well as damages. Confide denies it has committed or is committing acts of infringement.

2. Confide admits that the Court has subject matter jurisdiction for this action. Confide denies the remaining allegations in Paragraph 2 of the Complaint.

3. Confide is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and, on that basis, denies all such allegations.

---

[1] For avoidance of doubt, Confide denies liability for all allegations of patent infringement included or implied in the introductory paragraph or in any headings of the Complaint.

1

4. Confide admits the allegations in Paragraph 4 of the Complaint.

5. Confide does not contest that the Court has personal jurisdiction over it in this case. Confide admits that it conducts business in the State. Confide denies it has committed or is committing acts of infringement within this district or elsewhere and, on that basis, denies the remaining allegations of Paragraph 5 of the Complaint.

6. Confide admits that it conducts business in this District. Confide denies the remaining allegations in Paragraph 6 of the Complaint.

## VENUE

7. Confide does not contest that venue is proper in this case. Confide denies the remaining allegations in Paragraph 7 of the Complaint.

## COUNT I
## ([ALLEGED] INFRINGEMENT OF UNITED STATES PATENT NO. 8,437,797)

8. Confide's responses to Paragraphs 1–7 are incorporated as though fully set forth herein.

9. Confide admits that the Complaint purports to set forth an action for infringement under 35 U.S.C. § 271. Confide denies it has committed or is committing acts of infringement.

10. Confide is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and, on that basis, denies all such allegations.

11. Confide admits that a purported copy of U.S. Patent No. 8,437,797 (the "'797 Patent") is attached to the Complaint as Exhibit A.

12. Confide denies the allegations in Paragraph 12 of the Complaint.

13. Confide denies the allegations in Paragraph 13 of the Complaint.

14. Confide denies the allegations in Paragraph 14 of the Complaint.

15. Confide denies the allegations in Paragraph 15 of the Complaint.

16. Confide denies the allegations in Paragraph 16 of the Complaint.

17. Confide denies the allegations in Paragraph 17 of the Complaint.

18. Confide denies the allegations in Paragraph 18 of the Complaint.

19. Confide denies the allegations in Paragraph 19 of the Complaint.

20. Confide denies the allegations in Paragraph 20 of the Complaint.

21. Confide denies the allegations in Paragraph 21 of the Complaint.

22. Confide is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint and, on that basis, denies all such allegations.

## [PLAINTIFF'S] PRAYER FOR RELIEF

Confide denies the Plaintiff is entitled to any relief from Confide and denies the allegations contained in Paragraphs (a)-(e) of Plaintiff's Prayer for Relief.

## AFFIRMATIVE DEFENSES

Confide's Affirmative Defenses are listed below. Confide reserves the right to amend its answer to add additional Affirmative Defenses consistent with the facts discovered in this case.

## FIRST AFFIRMATIVE DEFENSE

Confide has not infringed and does not infringe, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the '797 Patent.

## SECOND AFFIRMATIVE DEFENSE

Each asserted claim of the '797 Patent is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff and any predecessors in interest to the '797 Patent failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that Confide's actions allegedly infringe the '797 Patent, Confide is not liable to Plaintiff for the acts alleged to have been performed before Confide received actual notice that it was allegedly infringing the '797 Patent.

## FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts that Confide indirectly infringes, either by contributory infringement or inducement of infringement, Confide is not liable to Plaintiff for the acts alleged to have been performed before Confide knew that its actions would cause indirect infringement.

## FIFTH AFFIRMATIVE DEFENSE

The claims of the '797 Patent are not entitled to a scope sufficient to encompass any system employed or process practiced by Confide.

## SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiff contends that it alleges a claim for indirect infringement (whether by inducement or contributorily), Plaintiff has failed to state a claim upon which relief can be granted.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because the '797 Patent does not claim patent eligible subject matter under 35 U.S.C. § 101.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted because, among other things, Plaintiff has not stated a plausible allegation that any system employed or process practiced by Confide.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff is estopped, based on statements, representations, and admissions made during prosecution of the patent application resulting in the asserted patent, from asserting any interpretation of any valid, enforceable claims of the '797 Patent that would be broad enough to cover any accused product alleged to infringe the asserted patent, either literally or by application of the doctrine of equivalents.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for damages are statutorily limited or barred by 35 U.S.C. §§ 286 and 287. Plaintiff is further barred under 35 U.S.C. § 288 from recovering costs associated with its action.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff is precluded from recovering its reasonable attorneys' fees, costs, and or increased damages under 35 U.S.C. §§ 284 or 285.

**TWELFTH AFFIRMATIVE DEFENSE**

Should Confide be found to infringe any valid, enforceable claim of the '797 Patent, such infringement was not willful.

## CONFIDE'S COUNTERCLAIMS

For its counterclaims against Plaintiff Rothschild Patent Imaging LLC ("RPI"), Counterclaim Plaintiff Confide, Inc. ("Confide"), alleges as follows:

## PARTIES

1.  Counterclaim Plaintiff Confide, Inc. is an entity organized and existing under the laws of Delaware that maintains a place of business at 1133 Broadway, Suite 701, New York, New York 10010.

2.  Upon information and belief based solely on Paragraph 3 of the Complaint as pled by Plaintiff, Counterclaim Defendant Rothschild Patent Imaging LLC is a limited liability company organized and existing under the laws of Texas that maintains a place of business at 1 East Broward Boulevard, Suite 700, Ft. Lauderdale, Florida 33301.

## JURISDICTION

3.  Confide incorporates by reference Paragraphs 1–2 above.

4.  These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

5.  RPI has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

6.  Based solely on RPI's filing of this action, venue is proper for purposes of these counterclaims in this District pursuant at least 28 U.S.C. §§ 1391 and 1400.

## COUNT I
## DECLARATION REGARDING NON-INFRINGEMENT

7.  Confide incorporates by reference Paragraphs 1–6 above.

8.  Based on RPI's filing of this action and at least Confide's first affirmative defense,

an actual controversy has arisen and now exists between the parties as to whether Confide infringes U.S. Patent No. 8,437,797 (the "'797 Patent").

9. Confide does not infringe at least Claim 16 of the '797 Patent because, *inter alia*, the accused system does not perform the steps of receiving a plurality of photographic images; filtering the plurality of photographic images using a transfer criteria; or transmitting, via a wireless transmitter and to a second image capturing device, the filtered plurality of photographic images, wherein the image-capturing mobile device and the second mobile device are disposed in a selectively paired relationship with one another based upon an affinity group associated with the second mobile device.

10. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Confide requests a declaration by the Court that Confide has not infringed and does not infringe any claim of the '797 Patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

## COUNT II
## DECLARATION REGARDING INVALIDITY

11. Confide incorporates by reference Paragraphs 1–10 above.

12. Based on RPI's filing of this action and at least Confide's Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '797 Patent.

13. The earliest application to which the asserted '797 Patent claims priority was filed on August 8, 2008.

14. U.S. Patent No. 7,369,164 to Parulski, et al. ("Parulski") issued from U.S. Pat. App. No. 10/411,753, which was filed on April 11, 2003.

15. Parulski is prior art to the asserted '797 Patent.

16. Parulski does not appear in the file history of the application from which the '797 Patent issued.

17. Claim 16 of the asserted '797 Patent begins with a preamble that reads "A method performed by an image-capturing mobile device, comprising"

18. Parulski's Abstract states, among other things, "A method for capturing images using a digital camera and organizing the captured images for storage into electronic albums, . . . ."

19. Claim 16 of the asserted '797 Patent requires, among other things, "receiving a plurality of photographic images."

20. Parulski, at 7:20–21, states that the "digital camera 300 produces digital images that are stored on the removable memory card 330."

21. Claim 16 of the asserted '797 Patent requires, among other things, "filtering the plurality of photographic images using a transfer criteria."

22. Parulski, at 8:51–53, states that a "user can press the 'favorite' button 364 to tag the displayed image as a favorite image." Parulski, at 12:29–35, states that "after the user presses the 'favorite' button 364, the image processor 320 in the digital camera 300 updates the GUI screen displayed on the color LCD display 332 to be as shown in FIG. 7B. The GUI screen 500B in FIG. 7B includes a 'favorite' indicator 506B, for example, the heart shaped icon shown in FIG. 7B." Parulski's FIG. 7B is shown below.



FIG. 7B

23.     Claim 16 of the asserted '797 Patent requires, among other things, "transmitting, via a wireless transmitter and to a second image capturing device, the filtered plurality of photographic images."

24.     Parulski, at 8:59–61, states that "the interface between the digital camera 300 and the home computer 10 can be a wireless interface." Parulski, at 14:37–38, states that "FIG. 9A depicts an example of a computer user interface screen for displaying all of the transferred images." Parulski's FIG. 9A is shown below.

9



FIG. 9A

25. Claim 16 of the asserted '797 Patent requires, among other things, that "the image-capturing mobile device and the second mobile device are disposed in a selectively paired relationship with one another based upon an affinity group associated with the second mobile device."

26. Parulski, at 23:24–27, discloses "a 'Share Photos' icon 1236 that can be used to enable another GUI screen (not shown) to allow images in a selected album to be shared with one or more designees of the user, . . . ."

27. Parulski anticipates and/or renders obvious the claims of the '797 Patent under Plaintiff's interpretation of the claims.

28. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Confide requests a declaration by the Court that the claims of the '797 Patent are invalid for failure

to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## **PRAYER FOR RELIEF**

WHEREFORE, Confide asks this Court to enter judgment in Confide's favor and against RPI by granting the following relief:

a) a declaration that the '797 Patent is invalid;

b) a declaration that Confide does not infringe, under any theory, any valid claim of the '797 Patent that may be enforceable;

c) a declaration that RPI take nothing by its Complaint;

d) judgment against RPI and in favor of Confide;

e) dismissal of the Complaint with prejudice;

f) a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to Confide of its costs and attorneys' fees incurred in this action; and

g) further relief as the Court may deem just and proper.

## **JURY DEMAND**

Confide hereby demands trial by jury on all issues.

Dated: March 18, 2022										Respectfully submitted,

**FISH & RICHARDSON P.C.**

By: */s/ Excylyn J. Hardin-Smith*
    Excylyn J. Hardin-Smith (EHS7780)
    7 Times Square, 20th Floor
    New York, New York 10036
    Tel: (212) 765-5070
    Fax: (212) 258-2291
    hardin-smith@fr.com

    Neil J. McNabnay (*pro hac vice* forthcoming)
    Ricardo J. Bonilla (*pro hac vice* forthcoming)
    Michael A. Vincent (*pro hac vice* forthcoming)
    1717 Main Street, Suite 5000
    Dallas, Texas 75201
    (214) 747-5070 (Telephone)
    (214) 747-2091 (Facsimile)
    mcnabnay@fr.com
    rbonilla@fr.com
    vincent@fr.com

**COUNSEL FOR DEFENDANT CONFIDE, INC.**

13

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on March 18, 2022, a true and correct copy of the foregoing document was filed with the Clerk of the Court using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

                                                                */s/ Excylyn J. Hardin-Smith*
                                                                Excylyn J. Hardin-Smith